PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BELTON, | ) | |
| | ) | CASE NO. 3:24CV0655 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BILL COOL, Warden,[1] | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 22] |

Pending in this capital habeas case is Petitioner Anthony Belton's Motion to Stay Proceedings (ECF No. 22) and hold them in abeyance while he pursues relief in an Ohio state court  He requests the stay while he litigates a pending petition for post-conviction relief in the state trial court, asserting that he is ineligible for the death penalty under a recent Ohio law barring the execution of persons with certain serious mental illnesses. *See* ECF No. 22 at PageID #: 9753.  Respondent Warden Bill Cool opposes the motion. *See* ECF No. 24.  The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons that follow, the motion is granted.

---

[1] According to the ODRC website https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A659445 (last visited June 26, 2025), Petitioner is no longer an inmate at Chillicothe Correctional Institution ("CCI").  He is now confined at the Ross Correctional Institution ("RCI").  The Warden of that institution, Bill Cool, is ordered substituted for Timothy Shoop, Warden pursuant to Fed. R. Civ. P. 25(d).

(3:24CV0655)

## Relevant Background

In April 2012, a three-judge panel convicted Petitioner of the aggravated murder of Matthew Dugan on a plea of no contest and sentenced him to death. *See* State v. Belton, 149 Ohio St.3d 165, 166-70 (2016). His state direct appeal and post-conviction petition were unsuccessful. *See id*. at 165 (direct appeal); State v. Belton, No. L-20-1121, 2023 WL 1426344, at *1 (Ohio App. 6th Dist. Jan. 30, 2023) (post-conviction review).

Petitioner filed a petition for writ of habeas corpus in this Court on March 3, 2025, raising 17 grounds for relief. Of those grounds, nine directly challenge the constitutionality of his sentence or sentencing hearing. *See* ECF No. 17-1.[2]

Petitioner now requests that the case at bar be stayed while he pursues relief under a new Ohio statute, Ohio Rev. Code § 2929.025, that prohibits the imposition of the death penalty for defendants who had a serious mental illness ("SMI"), as defined by the statute, at the time of the offense.[3] This provision applies to those who, like Petitioner, were convicted and sentenced to death before the statute's effective date of April 12, 2021, and filed a post-conviction petition

---

[2] Those claims include: grounds 1, 15 (constitutionality of Ohio's death penalty statutory scheme); ground 2 (validity of jury-trial waiver); ground 5 (prosecutorial misconduct); ground 6 (denial of right to present mitigation evidence); ground 9 (ineffective assistance of trial counsel during sentencing phase of trial); ground 10 (improper Ohio Supreme Court comparative proportionality review); and, grounds 11, 12 (constitutionality of death sentence as applied).

[3] More specifically, Ohio's SMI law provides that a person who has been diagnosed with a qualifying "serious mental illness" under Ohio Rev. Code § 2929.025(A)(1)(a) is ineligible for a death sentence when the defendant timely raises the issue and proves by a preponderance of the evidence, Ohio Rev. Code § 2929.025(D)(1), that the illness "significantly impaired the person's capacity to exercise rational judgment," Ohio Rev. Code § 2929.025(A)(1)(b), with respect to either conforming to the law or appreciating the nature, consequences, or wrongfulness of the person's conduct, Ohio Rev. Code § 2929.025(A)(1)(b)(i) and (ii). *See* State v. Lawson, 165 Ohio St.3d 445, 484 (Ohio 2021) (Donnelly, J., concurring).

2

(3:24CV0655)

within one year of that date asking the court to vacate their death sentence and order resentencing. Ohio Rev. Code § 2953.21(A)(1)(a)(iv), (A)(2)(b). Notably, the filing of an SMI petition "constitutes a waiver of any right to be sentenced under the law that existed at the time the offense was committed and constitutes consent to be sentenced to life imprisonment without parole . . . ." Ohio Rev. Code § 2953.21(A)(3)(b). Petitioner asks for the stay only during the pendency of the SMI litigation in the state trial court. *See* Reply Memorandum (ECF No. 25) at PageID #: 9839.

Petitioner filed a SMI petition in an Ohio state trial court on April 12, 2022, alleging he is ineligible for the death penalty under this new law because he has been diagnosed with bipolar disorder, one of the four "serious mental illnesses" specified in the Ohio statute. *See* ECF No. 22 at PageID #: 9756; ECF No. 14-2 at PageID #: 5295-304 (SMI Pet.).) *See also* Ohio Rev. Code § 2929.025(A)(1)(a)(iii). On June 7, 2024, he amended the petition. *See* ECF No. 14-2 at PageID #: 5426-71 (Am. SMI Pet.).

Respondent opposes the within motion on two grounds, arguing: (1) the authority normally invoked to support a stay of a federal habeas case, established in *Rhines v. Weber*, 544 U.S. 269 (2005), does not apply to Petitioner's state-law SMI claim; and (2) a stay under the Court's general discretion to grant such relief, established in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), is unwarranted because it would undermine the purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. *See* ECF No. 24 at PageID #: 9834-36.

**ANALYSIS**

Generally, petitioners move to stay federal habeas actions so that they may return to state court to exhaust federal constitutional claims. AEDPA, which governs federal habeas corpus petitions, requires that state prisoners exhaust all federal claims before those claims may be

3

(3:24CV0655)

reviewed by district courts on habeas review. See 28 U.S.C. § 2254(b)(1). This entails giving state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that when a habeas petitioner presents a "mixed petition," with both exhausted and unexhausted claims, comity requires that state courts have the first opportunity to review the unexhausted claims. Id. at 518-19. *Lundy*'s "total exhaustion" requirement created a dilemma for petitioners, however, as a return to state court could result in the unexhausted claims becoming time-barred under AEDPA's one-year statute of limitations.

To avoid this harsh result, in *Rhines*, Supreme Court authorized district courts, when confronted with a mixed petition, to stay the case and permit the petitioner to present his unexhausted claim to state court and then return to federal court for review of the perfected petition. 544 U.S. at 277. Stay and abeyance is appropriate, however, only when the district court determines that: (1) there was good cause for the petitioner's failure to exhaust claims first in state court; (2) the petitioner's unexhausted claims are not plainly meritless; and, (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. Id. at 277-78. The procedure should be used sparingly, the Court cautioned, because if employed too frequently, it could undermine AEDPA's goals of " 'reduc[ing] delays in the execution of state and federal criminal sentences, particularly in capital cases,' " and streamlining federal habeas proceedings by encouraging petitioners to seek relief from state courts first. Id. at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

As Respondent argues, technically, *Rhines* does not apply here. As Petitioner's SMI claim is based on state law, it is not cognizable on federal habeas review and therefore presents no

4

(3:24CV0655)

exhaustion problem. But this Court has equitable authority to stay the present case separate and apart from *Rhines*. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A district court, therefore, has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis*, 299 U.S. at 254). Indeed, the *Rhines* Court recognized that AEDPA did not deprive district courts of this authority, as long as the stay is "compatible with AEDPA's purposes." *Rhines*, 544 U.S. at 276. Factors to consider when determining whether a stay is appropriate are: (1) whether the issues in the collateral proceeding overlap with those in the pending proceeding; (2) the status of the other case; (3) the interests of the parties with respect to any delay; (4) the interests of the courts; and, (5) the public interest. *F.T.C v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014).

These factors support a stay here. Petitioner cites credible evidence in the record that he may be entitled to a new sentence under Ohio's SMI law. *See* ECF No. 14-2 at PageID #: 5456-60. If he is successful in those proceedings, the state trial court will enter a new judgment sentencing Petitioner to life without parole. He will then return to this Court, where many of his current habeas claims will be rendered moot, serving the Court's strong interest in judicial economy and presumably without the undue delay AEDPA was meant to minimize, as the single issue being litigated in state court – Petitioner's diagnosis of bipolar disorder – appears straightforward. *See In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (quoting *Berman v. United*

5

(3:24CV0655)

*States*, 302 U.S. 211, 212 (1937)).[4] Even if the state trial court determines that Petitioner is not entitled to SMI relief, or the State appeals from a judgment in his favor, Petitioner still will return to this Court and his habeas case will resume undisturbed. In addition, Petitioner has not engaged in any dilatory conduct. He timely filed the SMI petition in state court, and he filed his habeas petition in this Court less than four months ago, further lessening the likelihood of prejudice to Respondent due to delay.

The limited stay Petitioner requests, therefore, would serve the interests of the parties, the Court, and the public and is not likely to cause undue delay. It will permit Petitioner to pursue this new and important remedy and possibly reduce a sentence of death, while allowing him to then return to this Court to either resume his current habeas case or litigate a significantly narrowed one, ensuring a more efficient and orderly proceeding for both the Court and the parties.

## CONCLUSION

Accordingly, Petitioner's Motion to Stay Proceedings (ECF No. 22) and hold them in abeyance while he pursues relief in an Ohio state trial court regarding his eligibility for the death

---

[4] With a new sentence, Petitioner also could elect to file a new habeas action altogether. *See King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). Resentencing generally results in a new judgment, which may be challenged through a new petition under § 2254. *See, e.g., In re Stansell,* 828 F.3d at 417 ("[T]he [Supreme] Court has told us that the sentence *is* the judgment in a criminal case . . . meaning that any change to the custodial sentence necessarily changes the judgment 'pursuant to' which an individual is held 'in custody' " under § 2254(a), (b)(1)) (emphasis in original) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). And a second habeas petition is permissible under those circumstances. *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). But Petitioner could not attack the new sentence. As noted above, filing a SMI petition under Ohio's new law "constitutes consent to be sentenced to life imprisonment without parole . . . ." Ohio Rev. Code § 2953.21(A)(3)(b). Moreover, even if Petitioner were to file a new habeas action, the Court does not consider such a filing to pose a significantly greater burden on the parties or the Court than an amendment of the current petition such that it would preclude granting a stay.

6

(3:24CV0655)

penalty under Ohio's new SMI law is granted. The Court further orders that Petitioner: (1) submit status reports every 90 days regarding the status of his state-court litigation; and (2) seek reinstatement on the Court's active docket within 30 days of completing the SMI post-conviction proceedings in the state trial court.

       IT IS SO ORDERED.

| | |
|---|---|
| June 27, 2025 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

7